UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ESSIE BROWN,                                ) No. C09-1498RSL
              Plaintiff,                    )
       v.                                   ) ORDER DENYING DEFENDANTS'
                                            ) MOTION FOR INJUNCTION OF
UNIVERSITY OF WASHINGTON, *et al.*,         ) STATE COURT PROCEEDING
              Defendants.                   )
_____)

This matter comes before the Court on "Defendants' Motion to Enjoin Plaintiff's State Court Lawsuit." Dkt. # 60. Plaintiff initially filed suit in state court alleging that defendants violated state and federal law when they terminated her employment at Harborview Medical Center. Defendants properly removed the matter, and discovery commenced. Shortly before discovery was to close, the Court denied plaintiff's request for a continuance of the case management deadlines because she had failed to conduct discovery or otherwise show excusable neglect. Dkt. # 35. Plaintiff thereupon moved to dismiss her state and common law claims without prejudice or costs. The motion was granted on August 4, 2010. Two months later, plaintiff filed a second lawsuit in state court against the same defendants (plus John and Jane Doe) reasserting the state and common law claims that were dismissed from this action. Defendants seek an order enjoining the prosecution of the new state action.

ORDER DENYING DEFENDANTS'
MOTION FOR INJUNCTION OF
STATE COURT PROCEEDING

Federal law prohibits this Court from enjoining state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The exceptions to the Anti-Injunction Act are to be narrowly construed: any doubts regarding the propriety of an injunction should be resolved in favor of permitting the state court to determine the controversy. Quackenbush v. Allstate Ins. Co., 121 F.3d 1372, 1378 (9th Cir. 1997); Merle Norman Cosmetics, Inc. v. Victa, 936 F.2d 466, 468 (9th Cir. 1991).

Courts have found that the federal removal statute expressly authorizes the injunction or stay of state court proceedings in any action that was actually removed to federal court. See 28 U.S.C. § 1446(d). The statute is silent regarding the Court's power to enjoin later-filed state actions, however. Filling the breach, the Ninth Circuit has determined that where "a second state court suit is fraudulently filed in an attempt to subvert the removal of a prior case, a federal court may enter an injunction." Lou v. Belzberg, 834 F.2d 730, 741 (9th Cir. 1987). Unfortunately, the case law does not define "fraud" and "subversion" in this context. How these terms will be applied in situations like that presented here is not clear.

Defendants argue that, because they were entitled to remove plaintiff's entire case to federal court, any attempt to break the litigation into pieces and litigate part of it in state court should be construed as an attempt to subvert the removal of these claims. Policy considerations against claim-splitting and forum-shopping also support defendants' request for an injunction. Plaintiff, on the other hand, points out that she would have been entitled to file two separate lawsuits in the first instance (one in state court asserting only state law claims and one in federal court asserting only federal claims) without running afoul of any procedural or jurisprudential bars. Noel v. Hall, 341 F.3d 1148, 1159 (9th Cir. 2003). Because the removal statute was not designed to remedy the inefficiencies of our federal system, the fact that the parties may end up litigating similar claims in two different jurisdictions does not necessarily constitute either

ORDER DENYING DEFENDANTS'
MOTION FOR INJUNCTION OF
STATE COURT PROCEEDING              -2-

subversion or fraud.

In the circumstances presented here, the Court is concerned that plaintiff has used this federal litigation as a dress rehearsal. After failing to conduct discovery until the last minute, she withdrew her state law claims from consideration and litigated only her federal claims to conclusion. She now apparently hopes to start again in state court, using this litigation as a road map. This process is wasteful and may ultimately prove futile. Nevertheless, the injunction of an on-going state court proceeding is – and should be – a rare occurrence in our federal system. Although they established the power to enjoin, neither Lou v. Belzberg, 834 F.2d 730 (9th Cir. 1987), nor Quackenbush v. Allstate Ins. Co., 121 F.3d 1372 (9th Cir. 1997), involved the issuance of an injunction. There being no actual evidence of fraud in plaintiff's handling of this matter,[1] the Court finds that an injunction is not appropriate. Defendants may bring their *res judicata* and other defenses to the attention of the state court, which is just as capable of applying such doctrines as is this Court.

For all of the foregoing reasons, defendants' motion to enjoin the state court proceeding is DENIED.

Dated this 1st day of December, 2010.

Robert S. Lasnik
United States District Judge

---

[1] In one of the few circuit court cases in which an injunction actually issued, the plaintiffs filed a new state action only after the federal court had issued an adverse ruling on statute of limitations grounds. Plaintiffs thereafter declared in the press that they were seeking to overturn the federal decision in state court. Kan. Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc., 77 F.3d 1063, 1066 (8th Cir. 1996). Nothing comparable is alleged here.

ORDER DENYING DEFENDANTS'
MOTION FOR INJUNCTION OF
STATE COURT PROCEEDING                    -3-